**SO ORDERED.**

**SIGNED this 05 day of April, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JAN ELIZABETH SULLIVAN                           Case No.:
                                                 04-03325-8-JRL

JAMES B. ANGELL, Trustee

    Plaintiff,

v.                                               Adversary Proceeding No.:
                                                 05-00052-8-AP

DONNA Y. SULLIVAN

    Defendant.
_____

## ORDER

    This matter is before the court on the supplemental exhibit filed by the plaintiff. In an order dated March 17, 2006, the court deferred ruling on the plaintiff's motion for summary judgment pending the filing of the exhibit.

    The exhibit is a divorce decree entered on September 25, 2003 by the district court judge of Brunswick County, North Carolina. The decree grants the debtor an absolute divorce from her husband, Roy L. Sullivan. On November 28, 2003, the debtor and Mr. Sullivan transferred their real property in

Winnabow, North Carolina to his daughter, the defendant. The debtor and her former spouse had held the property as tenants by the entirety.

When a husband and wife hold property as tenants by the entirety in North Carolina, the estate can only be severed by death, absolute divorce or a voluntary conveyance by the spouses. See Hagler v. Hagler, 319 N.C. 287, 292 (1987); Shores v. Rabon, 251 N.C. 790, 793 (1960). Upon obtaining a divorce, the former spouses own real property as tenants in common. Hagler, 319 N.C. at 292.

This court determined in its March 17, 2006 order that the debtor's transfer of real property to the defendant was a preferential transfer pursuant to 11 U.S.C. § 547. As the transaction occurred over two months after the debtor and Mr. Sullivan's divorce, the tenancy by the entirety was severed before the preferential transfer. Accordingly, the plaintiff may recover the debtor's interest in the real property transferred to the defendant. The plaintiff's motion for summary judgment is granted.

"END OF DOCUMENT"